UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM CLIFTON, | ) | No. CV 14-03513-DOC (VBK) |
| Plaintiff, | ) ) | ORDER RE DISMISSAL OF FIRST AMENDED COMPLAINT WITH LEAVE TO |
| v. | ) ) | AMEND |
| L. SPRAGUE, et al., | ) ) | |
| Defendants. | ) ) | |

    Pro se Plaintiff William Clifton (hereinafter "Plaintiff") filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on May 15, 2014, pursuant to the Court's Order re Leave to File Action without Prepayment of Full Filing Fee. Plaintiff named as Defendants Dr. Linda Sprague, Dr. Amanda Dillon, Dr. C. Barber, Dr. D. Ralston, LVN Vickie Sweett and Officer L. D. Zamora in their individual and official capacities. (Complaint at pp. 3-4.)

    On May 29, 2014, the Court issued an Order re Dismissal with Leave to Amend.

    On July 18, 2014, Plaintiff filed a "First Amended Complaint" ("FAC"). Plaintiff named as Defendants Dr. Sprague, Dr. Dillon, LVN Sweett and Dr. Gallagher in their individual capacities. (FAC at pp.

3-4.)

**SUMMARY OF ALLEGATIONS IN THE FIRST AMENDED COMPLAINT**

Plaintiff alleges that Defendants Dr. Sprague and Dr. Dillon threatened Plaintiff with administrative segregation and disciplinary action for complaining about chronic pain. ( FAC at 5.) Defendants Dr. Sprague and Dr. Dillon used "intimidation tactics" regarding "use of force." (Id.) Plaintiff alleges Defendant Dr. Gallagher humiliated Plaintiff intentionally by denying him access to the toilet. (Id. at 4.) Plaintiff alleges Defendant LVN Sweett expressed her views regarding Plaintiff's situation and that he would be better off dead, encouraging Plaintiff to commit suicide, and was also involved with threatening Plaintiff with Ad-Seg placement. (Id.)

Plaintiff alleges that his First and Eighth Amendment rights have been violated by threats of retaliation, reprisals, violence and administrative segregation because of Plaintiff's complaints regarding his medical care. Plaintiff also alleges his First Amendment right to be protected from humiliating incidents were violated by the denial of access to toilet facilities. (Id.) Plaintiff seeks monetary compensation and punitive damages.

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. § 1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a

defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (re: all in forma pauperis complaints).

A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009)(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 679 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court

finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## DISCUSSION

For all of the following reasons, the First Amended Complaint should be dismissed with leave to amend.

**A. Section 1983 Requirements.**

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir. 1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

A plaintiff "must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil

1 rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998),
2 cert. denied, 525 U.S. 1154 (1999); see Iqbal, 556 U.S. at 662
3 (stating that a complaint must contain more than legal conclusions to
4 withstand dismissal for failure to state a claim).

5 Liability may be imposed on an individual defendant under § 1983
6 only if the plaintiff can show that the defendant proximately caused
7 the deprivations of his federally protected rights of which he
8 complains. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris
9 v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). Respondeat
10 superior is not a sufficient basis for imposing liability under §
11 1983. Monell v. Dept. of Social Services of City of New York, 436
12 U.S. 658, 663-64 n. 7 (1978). State officials are not subject to suit
13 under § 1983 unless they play an affirmative part in the alleged
14 deprivation. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).

15 Plaintiff must provide an explanation as to how each Defendant
16 was personally involved in the alleged constitutional deprivation.

**B. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 Based on Verbal Threats Made to Him**.

20 Plaintiff alleges that Defendants Dr. Sprague, Dr. Dillon and LVN
21 Sweett made threats against Plaintiff for complaining about chronic
22 pain. Generally, allegations of verbal threats and/or verbal
23 harassment alone are insufficient to state an Eighth Amendment claim.
24 See Farmer v. Brennan, 511 U.S. 825, 834 (1994). The Ninth Circuit
25 has expressly held that "it trivializes the [E]ighth [A]mendment to
26 believe a threat constitutes a constitutional wrong." Gaut v. Sunn,
27 810 F.2d 923, 925 (9th Cir. 1987)(mere threat does not constitute
28 constitutional wrong, nor do allegations that naked threat was for

1  purpose of denying access to courts compel contrary result); see also
2  Corrales v. Bennett, 567 F.3d 554, 564-565 (9th Cir. 2009) (upholding
3  and applying Gaut for the principle that mere threats cannot
4  demonstrate constitutional deprivation); Freeman v. Arpaio, 125 F.3d
5  732, 738 (9th Cir. 1997)(abusive language directed at inmate's ethnic
6  background held insufficient to raise constitutional claim); Rutledge
7  v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981),
8  affirmed sub nom, Kush v. Rutledge, 460 U.S. 719, 103 S.Ct. 1483
9  (1983); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by
10 135 F.3d 1318 (9th Cir. 1998)(disrespectful and assaultive comments by
11 prison guard not enough to implicate Eighth Amendment); Oltarzewski v.
12 Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987)(directing vulgar language
13 at prisoner does not state constitutional claim).  Here, Plaintiff has
14 failed to set forth claims against Defendants Dr. Sprague, Dr. Dillon
15 and LVN Sweett regarding their alleged verbal harassment.

C. **Plaintiff Has Failed to State a Valid Eighth Amendment Claim Against Defendants**.

Plaintiff alleges that his Eighth Amendment rights have been violated by Defendants. (FAC at 5.) "Denial of medical attention to prisoners constitutes an Eighth Amendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoner."  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987); Estelle v. Gamble, 429 U.S. 97, 106 (1976).  To state a deliberate indifference claim, a prisoner plaintiff must allege both that the deprivation of medical care in question was objectively serious, and that the defendant official acted with a sufficiently culpable state of mind.  Wilson v. Seiter,

6

501 U.S. 294, 297 (1991). The required showing of deliberate indifference is satisfied when it is established that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety." Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir. 1998)(citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Deliberate indifference may also be shown by a prison official's attitude and conduct in response to a prisoner's serious medical needs. Helling v. McKinney, 509 U.S. 25, 32-33 (1993); Estelle, 429 U.S. at 104-05. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). In either case, however, the indifference to the inmate's medical needs must be purposeful and substantial; negligence, inadvertence, or difference in medical judgment or opinion do not rise to the level of a constitutional violation. Jackson v. McIntosh, 90 F.3d 330, 331 (9th Cir. 1996), cert. denied, 519 U.S. 1029 (1996).

Medical malpractice, even gross medical malpractice, does not amount to a violation of the Eighth Amendment. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). A dispute between a prisoner and prison officials over the necessity for or extent of medical treatment does not raise a claim under §1983. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shields v. Kunkel, 442 F.2d 409, 410 (9th Cir. 1971); Mayfield v. Craven, 433 F.2d 873 (9th Cir. 1970); Snow v. McDaniel, 681 F.3d 978, 987-88 (9th Cir. 2012)(a difference of opinion between a physician and the prisoner or between medical professionals concerning what medical care is appropriate does not amount to deliberate indifference).

7

    Mere negligence in treating a medical condition is not violative of constitutional standards. The inmate must demonstrate that he was confined under conditions posing a risk of "objectively, sufficiently serious" harm and that the offender had a "sufficiently culpable state of mind" in denying the proper medical care. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002), citing Wallace v. Baldwin, 70 F.3d 1074, 1076 (9th Cir. 1995); see also Wilhelm v. Rotman, 680 F.3d 1113 (9th Cir. 2012)(doctor's awareness of need for treatment followed by unnecessary delay in implementing the prescribed treatment sufficient to plead deliberate indifference). Plaintiff has failed to state a deliberate indifference claim against each individual Defendant regarding Plaintiff's medical care.

    Plaintiff also alleges that his Eighth Amendment rights have been violated by Defendants' threats of administrative segregation due to Plaintiff's complaints concerning his medical needs. (FAC at p. 5.) The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976); see also Hutto v. Finney, 437 U.S. 678, 685 (1978); Spain v. Procunier, 600 F.2d 189, 200 (9th Cir. 1979). "No static test can exist by which courts determine whether conditions of confinement are cruel and unusual, for the Eighth Amendment must draw its meaning from the evolving standards of decency that mark the progress of a maturing society." Rhodes v. Chapman, 452 U.S. 337, 346 (1981).

    "The Constitution 'does not mandate comfortable prisons.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Rhodes, 452 U.S. at 349); see also Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.

1982). The Eighth Amendment is also not a mandate for broad prison reform or excessive federal judicial involvement. See Hoptowit, 682 F.2d at 1246. "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measures of life's necessities... The second requirement follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." To violate the Cruel and Unusual Punishment Clause, a prison official must have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834 (citations omitted). See also Wilson v. Seiter, 501 U.S. 294, 299-300 (1991); Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002).

A prisoner can state a §1983 claim against a prison official under the Eighth Amendment by establishing that the prison official acted with "deliberate indifference" in creating the condition that violates the Eighth Amendment. To the extent that Plaintiff is attempting to plead an Eighth Amendment claim based on placement in Ad-Seg, there is no constitutional right to be housed in a particular prison or location within a prison. Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983). Plaintiff does not set forth facts in the FAC indicating what Defendants specifically did with respect to harming Plaintiff and violating his Eighth Amendment rights.

**D. Plaintiff Has Failed to State a Claim for Retaliation Against Defendants**.

Allegations of retaliation against a prisoner's First Amendment

rights to speech or to petition the Government may support a §1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). See also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); see also Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). The prisoner must prove all the elements of a viable retaliation claim, including the absence of legitimate correctional goals for the conduct of which he complains. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995).

A plaintiff asserting a retaliation claim must demonstrate a causal nexus between that alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). Hartman v. Moore, 547 U.S. 250, 259 (2005); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The requisite causation must be but-for causation, i.e., without the prohibited animus, the adverse action would not have been taken. Hartman, 547 U.S. at 260. Upon a prime facie showing of retaliatory harm, the burden shifts to the defendant official to demonstrate that even without the impetus to retaliate he would have taken the action complained of. Id. If there is a finding that retaliation was not a but-for cause of the action of which the plaintiff complains, the claim fails for lack of causal

10

connection between unconstitutional motive and resulting harm despite the proof of retaliatory animus in the official's mind. Id. "It may be dishonorable to act with an unconstitutional motive and perhaps in some instances be unlawful, but action colored by some degree of bad motive does not amount to a constitutional tort, if that action would have been taken anyway." Id.

Plaintiff must plead sufficient facts to demonstrate that, as a result of the alleged conduct of Defendants Dr. Sprague and Dr. Dillon, Plaintiff's exercise of his First Amendment rights were chilled and the retaliatory conduct served no valid penological purpose. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Here, Plaintiff has not alleged such facts. Plaintiff claims retaliation against Defendants but fails to provide any factual basis for the retaliation claims. Accordingly, Plaintiff has failed to state a retaliation claim under the First Amendment.

## CONCLUSION AND ORDER

In an abundance of caution, Plaintiff will be afforded an opportunity to amend his Complaint to attempt to overcome the defects discussed above. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's First Amended Complaint is dismissed with leave to amend; (2) the Court Clerk is directed to send Plaintiff a civil rights form utilized by the Central District of California; and (3) Plaintiff is granted 30 days from the date of this Order within which to file a "Second Amended Complaint." The Second Amended Complaint must be complete within itself and shall not incorporate by reference any new portion
//
//

of the original Complaint or First Amended Complaint. Plaintiff may not add new parties without leave of the Court. Failure to comply with the requirements set forth in this Order may result in a recommendation that this action be dismissed with prejudice.

DATED: October 27, 2014         /s/
                                  VICTOR B. KENTON
                                  UNITED STATES MAGISTRATE JUDGE